IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED MUHAMMED ABDULLAH-OMAR AL-HAJJ, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil Action No. 16-1479 (JBS) |
| v. | |
| WARDEN MARK KIRBY, | **OPINION** |
| Respondent. | |

APPEARANCES:

AHMED MUHAMMED ABDULLAH-OMAR AL-HAJJ, Petitioner pro se
#14558-031
Fairton Federal Correctional Institution
PO Box 420
Fairton, New Jersey 08320

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

This matter comes before the Court on Ahmed Muhammed Abdullah-Omar Al-Hajj's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1. For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

**II.  BACKGROUND**

In 2005, Petitioner entered a conditional guilty plea on an indictment charging him with possessing 332 pounds of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2), and

reserved the right to challenge the denial of his motion to suppress. The Tenth Circuit affirmed the trial court's decision on appeal. *See United States v. Al-Haj*, 181 F. App'x 717 (10th Cir. 2006).[1]

Petitioner filed this petition alleging the District of Kansas and the Tenth Circuit "violated Petitioner's Fourth Amend. Const. Right, by unlawfully depriving Petitioner his liberty by carrying out a sentence of 210 months, that is totally in violation and outside the perimeter of Petitioner's Fourth Amend. Const. Rights." Petition ¶ 10(a). He further alleges "[b]oth of the above courts executed the law outside the meaning of the Const. Fourth Amend. Reasonable Suspicion by unlawfully carrying out a sentence in which deprived and restrainted [sic] petitioner of his liberty." *Id.*

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

2

(3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner asserts he is not challenging the validity of his sentence but how the District of Kansas and the Tenth Circuit are carrying out his sentence in violation of the Fourth Amendment. Petition ¶ 13.

In spite of Petitioner's reference to the execution of his sentence, it is clear from his assertion (namely, that there is a lack of reasonable suspicion) that he is actually attempting to relitigate the denial of his suppression motion. *Id.* ¶ 10(a); *see Jarbough v. Attorney Gen. of U.S.*, 483 F.3d 184, 189 (3d Cir. 2007) (noting courts "are not bound by the label attached by a party to characterize a claim and will look beyond the

3

label to analyze the substance of a claim"). He also indicates
he is challenging "the *legality* of petitioner's
detention/liberty." Petition ¶ 13 (emphasis added). This kind of
challenge may not be brought under § 2241 unless § 2255 is
inadequate or ineffective.

"[Section] 2255 expressly prohibits a district court from
considering a challenge to a prisoner's federal sentence under §
2241 unless the remedy under § 2255 is 'inadequate or
ineffective to test the legality of his detention.'" *Snyder v.
Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (per curiam) (quoting
28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245,
249 (3d Cir. 1997). "A § 2255 motion is inadequate or
ineffective only where the petitioner demonstrates that some
limitation or procedure would prevent a § 2255 proceeding from
affording him a full hearing and adjudication of his wrongful
detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536,
538 (3d Cir. 2002) (citations omitted). Petitioner makes no
attempt to make such a showing, and the petition does not allege
that the conduct forming the basis of his conviction "has since
been deemed non-criminal by an intervening Supreme Court
decision . . . ." *Upshaw v. Warden Lewisburg USP*, 634 F. App'x
357, 358 (3d Cir. 2016) (per curiam) (citing *Dorsainvil*, 119
F.3d at 251–52). Accordingly, the Court lacks jurisdiction over
the petition.

4

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition as Petitioner has already raised a Fourth Amendment challenge in a § 2255 motion. *See United States v. Al-Haj*, 615 F. App'x 509, 510 (10th Cir. 2015). Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Tenth Circuit's permission to file a successive § 2255 petition on his own should he so choose.

**V. CONCLUSION**

For the above stated reasons, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.

**August 29, 2016**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge